RECEIVED
2010 JUL -7  PM 1: 42
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA

JIMMIE E. SMALL,
    Plaintiff,

Vs.

WW LODGING, Inc., d/b/a
Quincy Travelodge # 162,
Drew Erwin
    Defendants.

Case No. 3-10-CV-00084

Original Action
JURY TRIAL DEMANDED

## COMPLAINT

COMES NOW the Plaintiff and for his cause of action against named defendants state as follows:

### BACKGROUND

1. Plaintiff is a resident of Milton, Iowa, 606 West Hwy # 2, Van Buren County.

2. Defendant WW Lodging, place of employment was 200 South 3rd, street doing business as Quincy Travelodge, # 162, and does maintain employment personnel records, files at 1825 Gillespy Way, El Cajon, Cal. 92020.

1

3. Defendant Drew Erwin is a resident of Adams County Illinois, at Quincy, with an office location near 500 Block of Vermont Street.

4. Defendant WW Lodging accepted Plaintiff's employment application in maintenance department, raised his wages $1.10 per hour, shortly prior to Small's wrongful termination on April 11, 1996, without warning or notice as required by Illinois law.

5. Plaintiff sustained serious injury to his left thumb while at work at Defendant's motel worksite.

6. Plaintiff filed worker's Compensation reports of injury in a timely manner, on or about March 26, 1996, received medical treatment and after Employer WW Lodging received a Blessing Hospital Healthcare bill for Plaintiff's workplace injury, Defendant employer retaliated again Plaintiff.

7. Plaintiff was terminated by Defendant agents [ Red Sampson] on April 11, 1996 some 17 days after receipt of the HealthCare and Workers Compensation report/Claim.

8. Plaintiff's employment application contained privileged information such as prior military activities, federal social security personal Id number. Later on, Workers Compensation reports of injury, hospital treatment records

at Blessing Hospital; Veterans Administration Healthcare records, disciplinary records.

9. Defendant WW Lodging agents after termination engaged retaliation against Plaintiff and unlawfully published, circulated, disseminated confidential employment records, in Court Records, Case No. 99-MR-40; 02- L –14, Illinois Human Rights Commission case file No. 1999CA2544.

10. Defendant WW Lodging agents also unlawfully published and circulated confidential Client –Attorney documents, appended to WW Lodging Exhibit A Case No. 99-MR-40 identifying Attorney Drew Erwin, without prior written consent, permission, and to discourage and dissuade Plaintiff from exercising his rights against Employer, under Title VII law, et seq.

## JURISDICTION

11. The United States District Court has appropriate jurisdiction over the complaint claims, under 28 U.S.C. section 1331because Title VII claims appear as Acts of Congress of the United States.

12. Significantly, on April 06, 2010, the Equal Employment Commission issued Plaintiff a Notice - Of - Right- To- Sue

Defendant WW Lodging, noting Title VII, ADA Act, ADEA age Discrimination Act.

13. Jurisdiction is further vested in the United Stated District Court, as the Acts of unlawful disclosure of confidential employee personnel record involve a continuing pattern-or practice of unlawful former employer acts or omission to protect confidential personnel records.

14. Diversity of Citizenship also applies where plaintiff became a resident of Iowa State and where WW Lodging, D/B/A Quincy Travelodge maintains incomplete former employee personnel records at 1825 Gillespy Way, El Cajon, California, outside Illinois and Iowa, and continuing in July 2010.

15. United States District Court has exclusive original jurisdiction to decide Employer practices to avoid paying, processing, or considering ERISA claims,[ Employee Retirement Income Security Act] after Illinois Department of Employment Security Audit of Employers records for non-payment of Plaintiff's overtime pay, payroll tax obligation, similar to taxes and benefits paid other Black, Hispanic female, not disabled employees outside Plaintiff's protected class membership, 1995 forward and continuing unresolved.

16. That during EEOC investigation, Employer WW Lodging breached its duty to maintain accurate, current and complete personnel records showing ERISA claims procedures, notice to discharged employees or the name or identity of any responsible insurance carrier who processed ERISA claims for WW Lodging Corporation.[ Gross negligence claims]

17. That failure of Defendant WW Lodging to maintain complete and accurate ERISA records, after Plaintiff filed EEOC charges, appears to violate federal EEOC laws, to Plaintiff damage and injury. 42 U.S.C. 2000e-8(c).

18. That WW's acts or omission to preserve ERISA records, claims procedures, 1995 forward and continuing, during EEOC investigation of charge[s], intentionally interfered with the EEOC efforts to correctly evaluate the factual and legal validity to Plaintiff timely filed Charge within 180 days of the *last discriminatory act or omission* to protect Plaintiff under Title VII applicable standards.

19. The custodian of Plaintiff's employee personnel records is/was WW Lodging agents Sue Eastman and account specialist Kim Perry, El Cajon, Cal. agents who assimilated, supervised, forwarded, disseminates and allowed to be published in Adams County Illinois and

elsewhere Plaintiff's confidential Social Security Records, disciplinary records, confidential medical records information, non-work related records; Illinois Workers Compensation data, VAMC medical treatment records, without prior written consent. 735 ILCS 405/1900.

20. Defendant Employer, WW Lodging, its agents and assigns owed Plaintiff and other employee personnel a duty to protect confidential employee[s] personnel records after requesting access to said information on Defendants employment application; Workers Compensation reports of injury 1996, and First injury reports March 25, 1996, or about that time and after Plaintiff filed EEOC valid charges.

21. Defendant WW Lodging its agents and assigns, Drew Erwin owed Plaintiff and other third parties a duty not to disclose, publish, disseminate or circulate confidential client records, and or other confidential information. Adams County No 99-MR- 40 in particular, Defendant Exhibit "A". IDHR Charge 1999CA2544.

22. Defendant WW Lodging agents Harden [Chicago Ill.] admitted in prior litigation between the two parties that Illinois Department of Employment Security [confidential] record were published in Adams County Illinois in defense

of former employer WW Lodging. U.S. District Court Case No. 3116 Southern District of Illinois.

## ESSENTIAL NATURE OF SUIT

The date, place and circumstances of the allegedly unlawful employment practice was presented to WW Lodging, 1875 Gillespy Way, El Cajon, California, 92020 date of delivery, 12/21/09 EEOC complaint number 440-2010-01384. 42 U.S.C section 2000e-5(b)

EEOC charge number 440 - 2010- 01384 was filed against WW Lodging on the basis Employer Lodging's pattern and practices of discrimination in violation of Title VII. 42 U.S.C. 2000e -6(c).

The Equal Employment Opportunity Commission on April 06, 2010 mailed a NOTICE OF SUIT RIGHTS to Plaintiff.

EEOC Charge No. 440 - 2010 - 01384 December 30, 2009 Notice listed applicable subject statutes, (a) Title VII of the Civil Rights Act of 1964; (b) The age discrimination in employment Act (ADEA); and the American with Disabilities Act (ADA). The EEOC investigation officer was one Daniel L. Lim, 500 West Madison Street, Chicago, ILL. 60661.

Defendant Employer's fraudulent acts in active concealment of ERISA claim procedure; criminal disclosure of Workers Compensation Medical records, Social Security numbers lends to equitable tolling of claims

Defendant's active concealment of ERISA claims procedures was calculated with intent to deceive Plaintiff, as a condition of Plaintiff employment rights benefits, based on Plaintiff's known disability, employment application disclosure.

Defendant WW Lodging's active failure to pay Illinois state employment tax contribution; U.S. Social Security tax; overtime compensation wages, constitute active concealment with intent to violate Title VII, ADA and ADEA. EEOC No. 440-2010-01384.

Defendant Drew Erwin, acting individually or in concert with WW Lodging agents gained access to Plaintiff's confidential employment personnel records; did commingle female client account records with Plaintiff male employment personnel files, commingled said female account record which were then illegally circulated, disseminated and published in Adams County Illinois, Case No. 99-MR-40 along with Illinois Department of Employment Security confidential records without prior consent or legal justification and otherwise engaged in gross negligent conduct causing injury to the privacy of third parties, and continuing.

Confidential Employee disciplinary record of co-worker Daniel Lecbee were illegally disclosed, commingled within the Plaintiff's employment personnel record, then later circulated, disseminated and published in Adams County Illinois, without prior written

8

consent from female co-worker Lecbee or Plaintiff. Daniel Lecbee's confidential Social Security number, Confidential Social Security number[s] of K. Arrup, Green, Esckman, C Wells, Bollman, Hoffman, J Toolate, Sutton, Wiedmyer, Mille, Squires, Mchone, Kevin Pepper, Hultz, Pullins, Feldkamp Raymond Kafmann , J. Small became commingled with Plaintiff's employees personnel file in violation of Employee Personnel Review Act 735 ILCS. All acts of intentional employer treatment and or gross negligent failure to protect confidential records.

That Defendant WW Lodging acting in concert with other third parties engaged in acts of invasion to personal privacy after Plaintiff Small filed Charges of employment discrimination under Title VII, EEOC number 210A01295, file stamped January 03, 2000 and after EEOC accepted and served Charge No. 440-2010-01384 and continuing unresolved on April 06, 2010.

Defendant employer actively concealed IRS and Ill. Dept. of Employment Security Audit reports in context to non-payment wages claims and sub-contractor misclassification with intent to deceive Plaintiff and wrongfully concealed Title VII causes of action including ERISA claim filing procedures.

# RELIEF

Wherefore, Plaintiff demands judgment against named defendants as follows,

    a.) General damages in the amount of lost wages, for pain suffering, loss of employment, in the amount of $ 25,000 annually since wrongful termination on April 11, 1996 and continuing, or an equitable amount to be determined at trial by jury, 6th Amendment;

    b.) Impairment of earning; impairment of Social Security benefits; ERISA benefits; intentional infliction of pain and suffering, owing to audit reports affirming employer wrongdoing;

    c.) Punitive damages in an amount three times actual damages proved so as to prevent Defendant from engaging in future malicious and wanton acts and destruction of personnel records;

    d.) Compensation for attorneys fees previously expended since 1996 wrongful termination, plus court costs;

    e.) Any other and further relief that the Honorable District Court deem proper in the above given premises.

Dated July 06, 2010

*[signature: Jimmie E. Small]*
JIMMIE E. SMALL
Plaintiff, pro se
606 West Hwy # 2,
Milton, Iowa, 52570
@ 641-208-2317

December 30, 2009

Respondent: W.W. LODGING CORPORATION D/B/A
QUINCY TRAVELODGE

EEOC Inquiry No.: 440-2010-01384

Jimmie E. Small
606 West U.S. Hwy #2
Milton, IA 52570

Dear Mr. Small:

This is with reference to your recent inquiry in which you alleged employment discrimination by the above-named respondent. The information provided indicates that the matter complained of is subject to the statute(s) checked off below:

☒ Title VII of the Civil Rights Act of 1964 (Title VII)

☒ The Age Discrimination in Employment Act (ADEA)

☒ The Americans with Disabilities Act (ADA)

☐ The Equal Pay Act (EPA)

☐ The Genetic Information Non-Discrimination Act (GINA)

The attached copies of the EEOC Form 5, Charge of Discrimination, is a summary of your claims based on the information you provided. To enable proper handling of this action by the Commission you should:

(1) Review the enclosed charge form. Do not make changes without first contacting me to discuss.

(2) If no corrections are needed, sign and date the charge forms in the bottom left hand block where I have made an "X".

(3) DO NOT NOTARIZE THE FORM 5

(4) Return the signed charge forms to this office.

These steps are necessary if you wish to file a charge. No charge has been filed because the correspondence you submitted was not signed. Since charges should

be filed within the time limits imposed by law, <u>please complete these steps as soon as possible</u>. Please call me at the number listed below if you have any questions. If you have to call long distance, please call collect.

**IF WE DO NOT RECEIVE YOUR SIGNED CHARGE WITHIN 30 DAYS OR HEAR FROM YOU WITHIN 30 DAYS, WE WILL ASSUME THAT YOU DECIDED NOT TO FILE A CHARGE OF DISCRIMINATION WITH EEOC.**

Please use the "EEOC Inquiry No." listed at the top of this letter whenever you call us. Please notify this office of any change in address or of any prolonged absence from home. Please also read the enclosed brochure, "What You Should Know before You File a Charge with EEOC," for answers to frequently asked questions about employee rights and the EEOC process.

Sincerely,

*Daniel L. Lim*

Daniel L. Lim
Investigator
312-886-9839

Office Hours: Monday – Friday 8:30am to 5:00pm – Please call ahead to schedule an appointment before arriving to our office.
www.eeoc.gov

Enclosure(s)
    Copies of EEOC Form 5, Charge of Discrimination
    Copy of EEOC Uniform Brochure, "What You Should Know Before You File A Charge With EEOC."

EEOC Form 2D

To: Jimmie E. Small
606 West U.S. Hwy #2
Milton, IA 52570

Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

**Certified Mail 7099 3400 0018 8818 1249 CP**

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2010-01384 | Daniel Lim, Intake Supervisor | (312) 886-9839 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

John P. Rowe,
District Director

4-6-2010
(Date Mailed)

Enclosures(s)

cc:

**QUINCY TRAVELODGE**

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature  X [signature]  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name) Eastman   Date of Delivery 9/21/09<br>D. Is delivery address different from item 1? ☐ Yes  If YES, enter delivery address below: ☐ No |
| 1. Article Addressed to:<br>Westlodge Hospitality, Inc.<br>Attn. Sue Eastman,<br>1825 Gillespy Way<br>El Cajon, California 92020 | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7009 1410 0001 7614 2108 |
| PS Form 3811, February 2004 | Domestic Return Receipt    102595-02-M-1540 |



# NATIONAL LODGING CORP.

## MEMORANDUM

**To:** Kim Perry

**From:** Joseph F. Higgins, Regional Manager

**CC:**

**Date:** July 29, 1996

**Re:** Jimmie Small

---

Please add a lodging value for Jimmie Small for the periods of December 1995 through March 1996 at the standard NLC amount allowable.

If you have any questions, please give me a call.