```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF IOWA
                   DAVENPORT DIVISION
```

| | | |
|---|---|---|
| JIMMIE E. SMALL, | ) | |
| | ) | 3:10-cv-00084-CRW-RAW |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | RULING ON PLAINTIFF'S |
| | ) | MOTION FOR APPOINTMENT |
| WW LODGING, INC., d/b/a QUINCY | ) | OF COUNSEL |
| TRAVELODGE and DREW ERWIN, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is plaintiff' motion for appointment of counsel [5]. "There is no constitutional or statutory right to appointed counsel in civil cases." *Edgington v. Missouri Dep't of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds, Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006)(citing *Edgington*, 52 F.3d at 780). At this stage of the proceedings, the case does not appear to be complex and whether there is conflicting testimony is unclear. Mr. Small appears to be able to articulate his claims at this juncture. Applying the *Edgington* factors, the Court will not appoint counsel for plaintiff.

IT IS SO ORDERED.

Dated this 26th day of July, 2010.

                                              _____
                                              ROSS A. WALTERS
                                              UNITED STATES MAGISTRATE JUDGE